IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MARY LEE MAYO,<br><br>    Defendant. | No. 1:18-cr-053-JAJ<br><br>**ORDER** |

    This matter comes before the court pursuant to a motion filed by defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking a modification of the term of her imprisonment to time served and commencement of a term of supervised release previously imposed. The Court finds:

    1.    Defendant was sentenced on July 16, 2019, in the United States District Court for the Southern District of Iowa, to a 24-month term of imprisonment followed by a 48-month term of supervised release. [Dkt. 225].

    2.    Defendant claims that she should receive compassionate release under 18 U.S.C. § 3582(c)(1)(A), based on the combination of her medical conditions and the ongoing COVID-19 pandemic. Defendant, age 52, suffers from chronic obstructive pulmonary disease ("COPD"), asthma, severe stomach infections, degenerative back disorder, obesity, and elevated rheumatoid levels. [Dkt. 293, at 3, 8–9].

    3.    Title 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018), now authorizes the Court to modify a term of imprisonment upon a finding that extraordinary and compelling reasons warrant the reduction. Compassionate release is not mandatory, even if the court finds an "extraordinary and compelling reason," however. *See, e.g., United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). Instead, whether to grant such a reduction involves a 4-step analytical

scheme, considering the following issues in succession: (1) timing or satisfaction of administrative requirements, *see* 18 U.S.C. § 3582(c)(1)(A); (2) extraordinary or compelling reasons, *see id.* at 3582(c)(1)(A)(i); (3) lack of danger to any other person or the community, *see* U.S.S.G. § 1.B.1.13 (applicable policy statement); and (4) § 3553(a) factors, 18 U.S.C. § 3582(c)(1)(A). *Cf. Chambliss*, 948 F.3d at 692-94.

    A.    At the first step, the administrative exhaustion requirement is satisfied [1] if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or [2] there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier.*" 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Some courts consider this exhaustion requirement to be a claim-processing rule subject to possible equitable tolling, but most consider it jurisdictional or otherwise mandatory. *Compare, e.g., United States v. Smith*, No. 12 CR. 133 (JFK), 2020 WL 1849748, at *3 (S.D.N.Y. Apr. 13, 2020) (exhaustion is non-jurisdictional), *with, e.g., United States v. Lugo*, No. 2:19-CR-00056-JAW, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020) (even if the exhaustion requirement was not jurisdiction, it was "both clear and mandatory," so that the court could not read an exception into it); *United States v. Johnson*, No. RDC-14-0441, 2020 WL 1663360, at *3–6 (D. Md. Apr. 3, 2020) (concluding that § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional and, regardless, there are no exceptions to the exhaustion requirement).

    B.    At the second step of the analysis, the defendant must show "extraordinary and compelling reasons" warranting a reduction. Section 3582(c)(1) does not define such reasons. The Sentencing Guidelines do identify such reasons in U.S.S.G. § 1B1.13, cmt. n.1, however. A defendant's medical conditions may constitute extraordinary and compelling reasons only if the defendant is suffering from a terminal illness, or if he is "(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing

deteriorating physical or mental health because of the aging process" and the condition substantially diminishes the defendant's ability to provide self-care in prison. *Id.*

  C. At the third step, compassionate release is appropriate only where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2); *see also United States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904, at *5 (N.D. Iowa Jan. 8, 2020) (setting out the § 3142(g) factors).

  D. If all the preceding requirements have been satisfied, at the fourth step, the court "consider[s] the factors set forth in section 3553(a) to the extent that they are applicable." 28 U.S.C. § 3852(c)(1)(A). The court must provide reasons for its determination based on consideration of the § 3553(a) factors. *Chambliss*, 948 F.3d at 693.

  4. Here, defendant satisfied the exhaustion requirement by sending a request for a reduction in sentence, which was denied by the warden at FMC Carswell. Over 30 days have passed since this denial. [Dkt. 287 at 6]. At the second step of the inquiry, the government concedes that defendant has established that, in the context of the COVID-19 pandemic, her medical conditions constitute extraordinary and compelling reasons for her release. [Dkt. 302, at 4].

  5. Defendant fails, however, to establish that she is no longer a danger to the community and that the § 3553(a) factors warrant compassionate release. Defendant does not make any arguments that she is no longer a danger to the community, but instead only relies only on her medical conditions and the § 3553(a) factors to argue for her release. As the government notes, defendant played an aggravating role in this opioid distribution offense. [Dkt. 302, at 4; *see* PSR, Dkt 199, at ¶¶ 26, 41]. Without any further evidence or argument, the Court must conclude that defendant remains a danger to the community, and thus she is ineligible for compassionate release. U.S.S.G. § 1B1.13(2).

  6. Even assuming that defendant is no longer a danger to the community, she has not established that the § 3553(a) factors warrant compassionate release in this case. Although

defendant's Guideline range was 63–78 months, the parties entered into a joint Sentencing Agreement that recommended a sentence of 24 months, based, in part, on "defendant's physical health as reflected in PSR ¶¶ 89-94." [Dkt. 206, at 2]. The Court accepted that recommendation and imposed a below-Guideline sentence. [Dkt. 225]. Defendant has not established that her physical conditions have changed sufficiently since her sentencing to warrant any further variance at this time.

7.    After consideration of all defendant's arguments, the Court concludes that defendant has not satisfied the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.

8.    Additionally, defendant argues this Court should order that she be transferred to home confinement. The Courts do not have the power to determine where a federal prisoner will serve her sentence. Only the executive may make this decision. *See* 18 U.S.C. § 3621(b); *United States v. Johnson*, 563 F. 2d 362, 364 (8th Cir. 1977). As relevant here, 18 U.S.C. § 3624 grants the BOP the authority to place prisoners in home confinement toward the end of their sentences. 18 U.S.C. § 3624(c)(2). Congress expanded the BOP's power to grant home confinement in the CARES Act. *See* Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L No. 116-136, § 12003(b)(2). But neither § 3624 nor the CARES Act vest this power in the Courts. Because Congress has not vested the Courts with the power to transfer a prisoner to home confinement, they do not have it. Therefore, this Court cannot grant defendant's motion for transfer to home confinement.

9.    Even if this Court had the power to order defendant transferred to home confinement, it would decline to do so in the exercise of discretion. At sentencing, the Court may recommend a defendant serve in a particular facility. 18 U.S.C. § 3621. In making this recommendation, the Court is able to consider defendant's PSR, allocution (if any), and arguments by counsel at the sentencing hearing. However, once a defendant has been incarcerated, the Court no longer has detailed information regarding the defendant's personal circumstances and needs, including how defendant adjusts to incarceration and any

rehabilitative programing he has participated in. It is, instead, the Bureau of Prisons that has the information and expertise necessary to make an appropriate housing decision. Even if the Court had the ability to grant a motion for home confinement, it would decline to do so in deference to the BOP's decision-making regarding appropriate conditions of confinement.

**IT IS THEREFORE ORDERED** that the May 4, 2020, Motion for Compassionate Release [Dkt. 287] is denied.

**DATED** this 9th day of September, 2020.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA